IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 21, 2010

## STATE OF TENNESSEE v. KEANEST D. WHITSON

**Appeal from the Criminal Court for Washington County**
**Nos. 33292 & 35646     Lynn. W. Brown, Judge**

**No. E2010-00408-CCA-R3-CD - Filed June 28, 2011**

D. KELLY THOMAS, JR., J., concurring in part and dissenting in part.

I agree with the majority's conclusion that the trial court was without authority to reduce the charge of theft of property valued at more than $1,000 but less than $10,000 and that the Defendant's conviction of unauthorized use of an automobile is void. However, I respectfully disagree with the majority's conclusion that the common law writ of certiorari does not provide the State with an avenue in which to appeal the entirety of the trial court's actions. While I agree that the trial court effectively rejected the plea agreement, the trial court merely imposed a sentence of its own choosing without affording the State an opportunity to participate in a sentencing hearing. See State v. Leath, 977 S.W.2d 132, 136 (Tenn. Crim. App. 1998) (concluding that the trial court "exceeded its authority by unilaterally reducing the [defendant's] sentence"). Moreover, I believe that the trial court violated Rule 11 of the Tennessee Rules of Criminal Procedure by advising the Defendant of the sentence he would receive if he decided to plead guilty in the absence of an agreement with the State. Rule 11 provides, "The district attorney general and the defendant's attorney, or the defendant when acting pro se, may discuss and reach a plea agreement. The court shall not participate in these discussions." If the Tennessee Rules of Criminal Procedure effectively prohibit the trial court from participating in the plea negotiation process, these rules most certainly must prohibit the trial court from excluding the State from the negotiation process and crafting its own agreement with the Defendant. Accordingly, I believe that the trial court exceeded its authority in this case and that the case should be remanded for a sentencing hearing.

D. KELLY THOMAS, JR., JUDGE